UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA BAMBERGER WORKS, LLC d/b/a BAM COMMUNICATIONS, a Delaware limited liability company; LLORENTE & CUENCA USA, INC., a Delaware corporation; and LLORENTE & CUENCA MADRID S.L., a foreign corporation,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>REBECCA BAMBERGER, an individual, RBW HOLDCO, INC., a California corporation; BAM BY BIG LLC, a California limited liability company; and DOES 1 through 20,<br><br>　　　　　　　　　　Defendants. | Case No.: 24-CV-706 JLS (DDL)<br><br>**ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF No. 27) |

Presently before the Court is Plaintiffs Rebecca Bamberger Works, LLC ("BAM"), Llorente & Cuenca USA, Inc., and Llorente & Cuenca Madrid S.L.'s (collectively "Plaintiffs") Renewed Motion for Leave to File Documents Under Seal ("Mot.," ECF No. 27). Plaintiffs accompanied this renewed Motion with redacted versions of the Declarations of Luisa Garcia (ECF No. 27-2), Todd Renner (ECF No. 27-3), and Michael

Houston (ECF No. 27-4), each of which Plaintiffs previously filed under seal (collectively, the "Declarations").[1] Defendants Rebecca Bamberger, RBW Holdco Inc., and BAM by BIG LLC ("BIG") (collectively, "Defendants") did not oppose the Motion. Having carefully considered Plaintiffs' arguments and the law, the Court **GRANTS** Plaintiffs' Motion.

## BACKGROUND

On April 26, 2024, Plaintiffs filed an *Ex Parte* Application for Issuance of Temporary Restraining Order, Seizure Order, Order to Show Cause for Preliminary Injunction, Order for Expedited Discovery, and Preservation Order ("Appl.," ECF No. 5). At that time, Plaintiffs sought to file the entire Application, including the associated Garcia and Renner Declarations, under seal. ECF No. 6 (the "First Seal Mot.").

On April 30, 2024, the Court granted in part and denied in part the Application and the First Seal Motion. *See generally* ECF No. 7 (the "Order"). As to the First Seal Motion, though select portions of the Application and its exhibits likely merited sealing, large portions of each contained information for which sealing was not justified. *Id.* at 12. The Court thus informed Plaintiffs that it would allow them to file these documents under seal temporarily, pending a renewed motion identifying compelling reasons to seal only specific, highly sensitive portions.[2] *Id.* at 12–13. The Court also ordered Plaintiffs to file proposed redactions to documents that did not merit sealing in their entirety. *Id.* The instant Motion followed.

/ / /

/ / /

---

[1] Plaintiffs have refiled unredacted versions of these declarations within a Proposed Lodged Document ("PLD," ECF Nos. 28 to 28-7). The Court will hereinafter refer to the both the unredacted and redacted versions of each declaration as the "Garcia Declaration," "Renner Declaration," and "Houston Declaration," respectively.

[2] As Plaintiffs have publicly filed redacted versions of the Declarations—and the Court approves of those redactions—the Court sees no need to unseal the original versions.

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming this strong presumption of access. *Kamakana*, 447 F.3d at 1178. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. As relevant here, the "compelling reasons" standard typically applies to requests to seal filed alongside motions for preliminary injunctions and temporary restraining orders. *See id.* at 1099.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). For instance, "the common-law right of inspection has bowed before the power of a court to ensure that its records are not used . . . . as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further

litigation will not, without more, compel the court to seal its records." *Kamakana,* 447 F.3d at 1179.

To satisfy the "compelling reasons" standard, the party seeking protection must "present 'articulable facts' identifying the interests favoring continued secrecy *and* . . . show that these specific interests . . . outweigh[] the 'public interest in understanding the judicial process.'" *Id.* at 1181 (citation omitted) (first quoting *Foltz*, 331 F.3d at 1136; and then quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "The movant must make this required particularized showing for each document it seeks to seal." *Avnet, Inc. v. Avana Techs. Inc.*, No. 2:13-CV-00929-GMN, 2014 WL 4181831, at *1 (D. Nev. Aug. 20, 2014) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)). If the movant wishes to seal an entire document, they must show that their compelling interest cannot be protected by redacting only the sensitive portions of said document. *See In re Roman Cath*, 661 F.3d 417, 425 (9th Cir. 2011). If, by contrast, compelling reasons do not support sealing an entire document, the movant must offer compelling reasons to seal each portion they believe should be sealed. *See In re Roman Cath.*, 661 F.3d at 425.

The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. "[T]he court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135).

## DISCUSSION

Plaintiffs contend the three at-issue Declarations contain confidential information and trade secrets that warrant sealing. Mot. at 5. To that end, Plaintiffs seek to seal/redact select portions of each Declaration. *Id*. Per Plaintiffs, the proposed redactions would prevent disclosure of their "business relationships, plans, client lists and contact information, strategies, and trade secrets." *Id*. at 10–11. If the Court were to deny their proposed redactions, Plaintiffs argue, their competitors could "exploit that information to

obtain a competitive advantage." *Id.*

Plaintiffs seek to seal three categories of information. *See id.* at 5, 8–9. These categories include Plaintiffs' (1) confidential business strategies and related expenses; (2) URLs linking to internal documents; and (3) third-party outreach and client information. The Court will address each category in turn.

## I. Plaintiffs' Business Strategies and Expenses

Plaintiffs argue Exhibits 7, 9, 10, and 19—and Paragraph 12—of the Garcia Declaration should be sealed/redacted because they reveal Plaintiffs' confidential business strategies. Mot. at 8. Paragraph 12 provides the "amount LLYC Madrid spent in marketing and advertising the LLYC brand in 2023," Garcia Decl. ¶ 12; Exhibit 7 contains BAM's employee handbook, *id.* Ex. 7; Exhibits 9 and 10 offer board meeting minutes, *id.* Exs. 9–10; and Exhibit 19 includes a business proposal to a client, *id.* Ex. 19. Plaintiffs justify their proposed redactions to these portions of the Garcia Declaration as follows: access to this information would allow Plaintiffs' competitors to profit "from the time and money that BAM expended developing these strategies." Mot. at 8.

The Court concludes compelling reasons exist to redact the above Paragraph and Exhibits because disclosure of the information contained therein could harm Plaintiffs' competitive standing. *See, e.g.*, *San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 2059737, at *2 (S.D. Cal. May 8, 2024) (granting motion to seal litigant's marketing expenses because competitors might be able to profit from their knowledge of the litigant's budget); *W. Air Charter, Inc. v. Schembari*, No. EDCV17420JGBKSX, 2018 WL 10157139, at *21 (C.D. Cal. Nov. 21, 2018) (sealing employee handbook because its development "required the investment of significant resources" and it contained "confidential information related to employee benefits and compensation"); *In re BofI Holding, Inc. S'holder Litig.*, No. 315CV02722GPCKSC, 2017 WL 784118, at *20–21 (S.D. Cal. Mar. 1, 2017) (granting motion to seal meeting minutes because meeting participants discussed "proprietary business information"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 841274, at *4–

5 (N.D. Cal. Mar. 10, 2010) (granting motion to seal business information, marketing information, and "future business plans" because a competitor could benefit from said information).

## II. BIG's Google Drive URLs

Paragraph 103 of the Garcia Declaration contains "the URL of BIG's Google drive," which purportedly contains all of BAM's business-related information, including its trade secrets. Garcia Decl. ¶ 103. The same is true of Paragraphs 19 and 20(a)–(c) and Exhibits 3 and 4 of the Renner Declaration. Renner Decl. ¶¶ 19, 20(a)–(c); *id.* Exs. 3–4. Plaintiffs contend these references should be redacted because disclosure of the link to BIG's Google Drive would give BAM's competitors access to "BAM's confidential information and trade secrets." *Id.* at 11. As, with access to BIG's drive, BAM's competitors would be able to unfairly compete with BAM by targeting its clients and mimicking its business strategies, compelling reasons justify redacting these URLs. *See, e.g.*, *3D Sys., Inc. v. Wynne*, No. 21-CV-1141-AGS-DDL, 2024 WL 1122377, at *3 (S.D. Cal. Mar. 14, 2024) (granting motion to seal/redact URLs and file pathways connected to folders storing confidential information).

## III. Plaintiffs' Third-Party Outreach and Client Information

Plaintiffs claim Exhibits 8, 11, 14, 15, 17, 18, 20, and 21 of the Garcia Declaration contain sensitive and confidential information relating to BAM's clients. Mot. at 8–9. Specifically, Exhibits 8, 11, 20, and 21 contain invoices stating client names, addresses, and billing information, Garcia Decl. Exs. 8, 11, 20, 21; Exhibits 14, 15, 18, 20, and 21 include emails revealing client names and email addresses, *id.* Exs. 14, 15, 18, 20, 21; and Exhibit 17 comprises a list of client names, associated contact information, and notes for each client, *id.* Ex. 17. Plaintiffs also seek to redact similar information in Exhibits 3, 4, and 5 of the Houston Declaration and Exhibits 3 and 4 of the Renner Declaration, Houston Decl. Exs. 3–5; Renner Decl. Exs. 3–4, contending compelling reasons justify the proposed redactions to the above exhibits because, absent redaction, Plaintiffs' competitors could "mimic its business relationships." Mot. at 8–9. The Court agrees. *See, e.g.*, *Apex.AI, Inc.*

*v. Langmead*, No. 5:23-CV-02230-BLF, 2023 WL 4157629, at *2 (N.D. Cal. June 23, 2023)

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiffs' Motion to Seal (ECF No. 27) and **DIRECTS** the Clerk of the Court to file ECF No. 28 under seal.

**IT IS SO ORDERED.**

Dated: June 24, 2024

Hon. Janis L. Sammartino
United States District Judge