UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA BAMBERGER WORKS, LLC d/b/a BAM COMMUNICATIONS, a Delaware limited liability company; LLORENTE & CUENCA USA, INC., a Delaware corporation; and LLORENTE & CUENCA MADRID S.L., a foreign corporation,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>REBECCA BAMBERGER, an individual; RBW HOLDCO, INC., a California corporation; BAM BY BIG LLC, a California limited liability company; and DOES 1 through 20,<br><br>　　　　　　　　　　　　Defendants.<br><br>REBECCA BAMBERGER, an individual; RBW HOLDCO, INC., a California corporation; and BAM BY BIG LLC, a California limited liability company,<br><br>　　　　　　　　　　　　Counterclaimants, | Case No.: 24-CV-706 JLS (DDL)<br><br>**ORDER GRANTING MOVANT'S MOTION TO WITHDRAW APPEARANCE OF COUNSEL**<br><br>(ECF No. 68) |

1

| | |
|---|---|
| 1 | v. |
| 2 | REBECCA BAMBERGER WORKS, LLC d/b/a BAM COMMUNICATIONS, a Delaware limited liability company; LLORENTE & CUENCA USA, INC., a Delaware corporation; and LLORENTE & CUENCA MADRID S.L., a foreign corporation, |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Counterdefendants |

Presently before the Court is Counsel Julie Gerchik, Lawrence Hadley, Lara Petersen, and Joseph Leventhal of Glaser Weil Fink Howard Jordan & Shapiro LLP's ("Movant") Motion to Withdraw as Counsel for Defendants Rebecca Bamberger; RBW Holdco, Inc.; and BAM by BIG LLC (collectively, "Clients") ("Withdrawal Mot.," ECF No. 68). Plaintiffs noted their non-opposition to the Motion to Withdraw on August 21, 2024. *See* ECF No. 76. After considering Movant's arguments and the law, the Court **GRANTS** the Motion to Withdraw as Counsel.

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, No. 07-CV-594-WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (alterations, citations, and internal quotation marks omitted); *see also* Civ. L.R. 83.3(f)(3). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citing *Beard*, 2008 WL 410694, at *2).

/ / /

/ / /

In relevant part, Rule 1.16 of the California Rules of Professional Conduct provides:

> (b) [A] lawyer may withdraw from representing a client if:
>
> (4) The client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively; [or]
>
> (5) The client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation.
>
> . . .
>
> (c) If permission for termination of a representation is required by the rules of a tribunal, a lawyer shall not terminate a representation before that tribunal without its permission.
>
> (d) A lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e) [discussing return of client file and refund of unearned fees].

Pursuant to the Southern District of California's Civil Local Rules, "[a] motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." Civ. L.R. 83.3(f)(3)(a). The Local Rules also state:

> Only natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3. All other parties, including corporations, partnerships and other

legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3.

Civ. L.R. 83.3(j).

Citing "irreconcilable differences," Movant seeks to withdraw as counsel for Clients. Withdrawal Mot. at 2. Movant does not elaborate on precisely what those differences are, but it does relate events from early August 2024 whereby Movant was led to believe that a different law firm, Miller Barondess, would be substituted in as new counsel for Clients. *See* ECF No. 68-2 ("Gerchik Decl."). Movant came to this understanding on August 1, and that understanding was reinforced when a partner at Miller Barondess confirmed as much by email on August 6. *See* ECF No. 68-3. However, on August 8, Miller Barondess reneged and "notified [Movant] that [the firm] would no longer be substituting in as new counsel for [Clients]." Gerchik Decl. ¶ 4. On August 12, Movant served copies of its Motion to Withdraw on Plaintiffs' counsel and Clients and filed the instant Motion. *Id.* ¶ 5.

The Court finds that good cause exists for Movants to withdraw. Though the finer details of Movant's "irreconcilable differences" with Clients remain shrouded, such generalized descriptions of a "strained relationship" are sufficient to establish good cause. *See Heilman v. Silva*, No. 13-CV-2984 JLS (AGS), 2017 WL 822164, at *2 (S.D. Cal. Mar. 2, 2017) (premising good cause for withdrawal on "irreconcilable differences"). The Court credits the truth of Movant's declaration and the Motion to Withdraw does not appear to be opposed by either Plaintiffs or Clients. *See generally* Docket; ECF No. 76.

That said, the Court appreciates the gravity of the predicament this Order may put Clients in. They are currently due to brief two pending motions, one of which asks the Court to find Clients in contempt for violating a Preliminary Injunction Order. *See* ECF No. 66 ("Contempt Mot."). Plaintiffs bring serious charges in the Contempt Motion and Clients would be well-advised to expeditiously seek substitute counsel. But Clients have already had several weeks to find new counsel since Movant properly served copies of the Withdrawal Motion, *see* Gechik Decl. ¶ 5, and the Court has extended the briefing schedule

for the pending motions into October to "allow the Parties and the Court to consider the [instant Motion] and its potential impact on other issues in this case." ECF No. 73 at 3. Therefore, the Court does not find that granting the Withdrawal Motion would unduly prejudice Defendants.

Moreover, given the relative nascency of this case and the several months that currently stand between now and the scheduled December 11, 2024 hearing on the Contempt Motion, *see* Contempt Motion, the Court does not find the brief disturbance caused by Movant's departure at this point to rise to the level of an undue delay that might prejudice Plaintiffs. However, the Court will not tolerate further interruption without valid justification.

Finally, the Court recognizes that the Local Rules prohibit certain business entities from proceeding without representation. S*ee* Civ. L.R. 83.3(j). Granting the Motion to Withdraw would result in RBW Holdco, Inc. and BAM by BIG LLC—both entities subject to Local Rule 83.3(j)—finding themselves without an attorney. But "rule 83.3(j) is not offended where a court orders an unrepresented entity to find substitute counsel and provides time to do this on the condition that failure to do so will expose the defendant to default proceedings." *Sihler v. Fulfillment, Inc.*, No. 20-CV-1528-LL (DDL), 2023 WL 3046072, at *3 (S.D. Cal. Apr. 21, 2023) (first citing *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740, at *1 (S.D. Cal. Mar. 27, 2017) (ordering the defendant to obtain new counsel within thirty days); and then citing *United States v. High Country Broad Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993)).

Good cause appearing, the Court **GRANTS** Movant's Motion to Withdraw as Counsel, (ECF No. 68). To that end, the Court **ORDERS** as follows.

1) The Clerk of Court **SHALL** update the docket to reflect the withdrawal of Movant as counsel for Defendants in this case.

2) Movant **SHALL** (1) serve a copy of this Order on the Clients and file proof of service with the Court and (2) inform Clients of the contents of this Order

by phone, text message, and email and submit a declaration of having done so.

3) Defendant Rebecca Bamberger may proceed pro se (without counsel) and must inform the Court and opposing parties of her current contact information, including telephone number, mailing address, and email address <u>on or before September 20, 2024,</u> so that the docket of this case may be amended accordingly.

4) Defendants RBW Holdco, Inc. and BAM by BIG LLC must retain counsel and have counsel file a notice of appearance <u>on or before September 20, 2024,</u> or be subject to default proceedings filed by Plaintiffs pursuant to Rule 55 of the Federal Rules of Civil Procedures.

**IT IS SO ORDERED.**

Dated: September 3, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge