UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA BAMBERGER WORKS, LLC d/b/a BAM COMMUNICATIONS, a Delaware limited liability company; LLORENTE & CUENCA USA, INC., a Delaware corporation; and LLORENTE & CUENCA MADRID S.L., a foreign corporation,<br><br>                                            Plaintiffs,<br><br>v.<br><br>REBECCA BAMBERGER, an individual; RBW HOLDCO, INC., a California corporation; BAM BY BIG LLC, a California limited liability company; and DOES 1 through 20,<br><br>                                              Defendants.<br><br>REBECCA BAMBERGER, an individual; RBW HOLDCO, INC., a California corporation; and BAM BY BIG LLC, a California limited liability company,<br><br>                                            Counterclaimants, | Case No.: 24-CV-706 JLS (DDL)<br><br>**ORDER GRANTING IN PART *EX PARTE* APPLICATION**<br><br>(ECF No. 89) |

| | |
|---|---|
| 1 | v. |
| 2 | REBECCA BAMBERGER WORKS, LLC d/b/a BAM COMMUNICATIONS, a Delaware limited liability company; LLORENTE & CUENCA USA, INC., a Delaware corporation; and LLORENTE & CUENCA MADRID S.L., a foreign corporation, |
| 7 | Counterdefendants |

Presently before the Court is Defendants Rebecca Bamberger; RBW Holdco, Inc.; and BAM by BIG LLC's (collectively, "Defendants") *Ex Parte* Application to Amend Scheduling Order ("Appl.," ECF No. 89) and supporting Memorandum of Points and Authorities ("Mem.," ECF No. 89-1).[1] Also before the Court is Plaintiffs Rebecca Bamberger Works LLC d/b/a BAM Communications; Llorente & Cuenca USA, Inc.; and Llorenta & Cuenca Madrid S.L.'s (collectively, "Plaintiffs") Opposition to the *Ex Parte* Application ("Opp'n," ECF No. 90).

On May 31, 2024, the Court granted in part and denied in part Plaintiffs' request for a preliminary injunction. *See* ECF No. 34. On August 7, 2024, Plaintiffs identified six actions taken by Defendants that they believed violated the Preliminary Injunction Order and filed a Contempt Motion alerting the Court. *See* ECF No. 66. The Court set a hearing date for the Motion of December 11, 2024, *see* ECF No. 67 at 2, and the briefing schedule currently requires Defendants to file an opposition by October 8, 2024, and allows Plaintiffs to file an optional reply by October 15, 2024. ECF No. 73 at 3.

On September 18, 2024, Plaintiffs filed a Supplement to the Motion, identifying three additional purported violations of the Preliminary Injunction Order, *see* ECF No. 84,

---

[1] All citations to electronically filed documents refer to the blue pagination numbers assigned by the CM/ECF system.

so the Court clarified that Defendants were to submit an opposition to the Motion and Supplement together in a single response, *see* ECF No. 86. Just two days after Plaintiffs filed their Supplement, new counsel noticed an appearance on behalf of Defendants to take the place of Defendants' prior counsel who withdrew from this case with the Court's approval on September 3, 2024. *See* ECF Nos. 87–88.

Defendants now seek a three-week extension to the briefing schedule for the Contempt Motion, representing that "all of the conditions for engagement were not satisfied until the afternoon of September 20, 2024" and that new counsel is still yet to receive the case file from prior counsel. Mem. at 4. Given the seriousness of the allegations in the Contempt Motion, Defendants argue that the extension is necessary to "meaningfully defend against the allegations made." *Id.* at 2.

Plaintiffs oppose the extension, arguing that Defendants' new counsel was well aware of the pending briefing schedule when they were considering whether to take the case. Opp'n at 3. Plaintiffs also place blame on Defendants for "creat[ing] the crisis that necessitated the application" by waiting until the afternoon of the deadline set by the Court to formally retain new counsel. *Id.* at 4.

The Court finds Defendants have established good cause to extend the briefing deadlines as to the Contempt Motion. The Motion is not set for a hearing until December 11, 2024, which still leaves over a month between the conclusion of briefing and the hearing if the Court were to adopt Defendants' proposal. The Court acknowledges the fact-intensive nature of preparing an opposition to the Motion and Supplement and sees no need to rush the briefing on the current timeline.

That said, Defendants have not convincingly explained why they need an additional three weeks to prepare their response. Although they may still be in need of the case file from prior counsel, surely new counsel have reviewed the docket and have discussed the case with their clients so as to allow them to begin preparing their defense. The Court considered the timeline of events for this case when it clarified the briefing schedule on September 23, 2024, *see* ECF No. 86, and prefers to remain approximately on schedule.

Accordingly, the Court will grant a one-week extension to the briefing schedule.

The Court takes this opportunity to note its growing concern with the rise of E*x Parte* applications in this case.  *See* ECF Nos. 72, 74, 78, 89.  The Parties are reminded that "Ex Parte motions are rarely justified," only to be used "where there is a temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  The Parties are expected to exert more than minimal effort in resolving their differences without the Court's intervention, and *Ex Parte* applications are not meant to be a first resort when opposing counsel takes issue with a proposed change to the schedule.  Generally speaking, "both parties [should] observe regular motion procedures and work together to avoid crises that necessitate ex parte relief moving forward."  *Est. of Najera-Aguirre v. Cnty. Of Riverside*, No. ED CV 18-762-DMG (SPx), 2018 WL 10152556, at *3 (C.D. Cal. Dec. 7, 2018).  This admonition applies with full force to Plaintiffs' hint at a possibly forthcoming *Ex Parte* application to expedite the hearing on the Contempt Motion.  *See* Opp'n at 5 n.4.

Good cause appearing, the Court **GRANTS IN PART** Defendants' *Ex Parte* Application to Amend Scheduling Order (ECF No. 89).  Defendants **SHALL FILE** a single opposition addressing both the Motion and Supplement on or before October 15, 2024.  Plaintiffs **MAY FILE** a single reply, if any, on or before October 22, 2024.

**IT IS SO ORDERED.**

Dated:  September 25, 2024

Hon. Janis L. Sammartino
United States District Judge