UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA BAMBERGER WORKS, LLC d/b/a BAM COMMUNICATIONS, a Delaware limited liability company; LLORENTE & CUENCA USA, INC., a Delaware corporation; and LLORENTE & CUENCA MADRID S.L., a foreign corporation,<br><br>         Plaintiffs,<br><br>v.<br><br>REBECCA BAMBERGER, an individual; RBW HOLDCO, INC., a California corporation; BAM BY BIG LLC, a California limited liability company; and DOES 1 through 20,<br><br>         Defendants. | Case No.:  24-CV-706 JLS (DDL)<br><br>**ORDER:**<br><br>**(1) DENYING THE FIRM'S MOTION TO WITHDRAW AS COUNSEL,**<br><br>**(2) STRIKING MOTION TO COMPEL, AND**<br><br>**(3) SETTING STATUS CONFERENCE**<br><br>(ECF Nos. 123, 124) |
| REBECCA BAMBERGER, an individual; RBW HOLDCO, INC., a California corporation; and BAM BY BIG LLC, a California limited liability company,<br><br>         Counterclaimants, | |

| | |
|---|---|
| v. | |
| REBECCA BAMBERGER WORKS, LLC d/b/a BAM COMMUNICATIONS, a Delaware limited liability company; LLORENTE & CUENCA USA, INC., a Delaware corporation; and LLORENTE & CUENCA MADRID S.L., a foreign corporation, | |
| Counterdefendants | |

Presently before the Court is the Motion to Withdraw as Counsel ("Mot. to Withdraw," ECF No. 123) brought by Caldarelli Hejmanowski Page & Leer, LLP ("Firm"), who represents Defendants Rebecca Bamberger; RBW Holdco, Inc.; and BAM by BIG LLC (collectively, "Clients"). Plaintiffs have filed no response to the Motion. Also before the Court are Defendant Rebecca Bamberger's Motion to Compel Return of Business Materials ("Mot. to Compel," ECF No. 124) and Memorandum of Points and Authorities in support thereof ("Compel Mem.," ECF No. 124-1).

This case was closed on January 6, 2025, when the Parties reached a global settlement agreement resolving their disputes. *See* ECF No. 120. At the Parties' request, the Court retained jurisdiction over enforcement of the settlement agreement. *Id.* For four months, no Court intervention was necessary. *See generally* Docket. But a dispute has arisen over the settlement agreement that has drawn the Court back in.

On May 8, 2025, the Firm representing Defendants filed a Motion to Withdraw indicating that, earlier that day, Defendant Ms. Bamberger "individually and on behalf of Defendants RBW Holdco, Inc. and BAM by BIG, LLC, knowingly and freely agreed to the termination of representation in this case and the filing of the motion." Mot. to Withdraw at 2. The Firm represents that all requirements of Civil Local Rule 83.3(f)(3) had been met. *Id.*

Then, on May 9, 2025, Ms. Bamberger filed a Motion to Compel Return of Business

Materials seeking to enforce a provision of the settlement agreement that she says Plaintiffs have violated. Compel Mem. at 2. Specifically, Ms. Bamberger asserts that Plaintiffs, in violation of the settlement agreement, have "failed to return essential digital and physical business property, including the Google Drive account housing 15 years of contracts, contacts, and client records, and access to business email accounts." *Id.* at 1.

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (alterations, citations, and internal quotation marks omitted). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citing *Beard*, 2008 WL 410694, at *2).

Here, the Court finds that the Firm has not shown good cause to withdraw from representation. Although the Firm states that it complied with Civil Local Rule 83.3(f)(3), which requires service of the motion on the adverse party and on the moving firm's client, the Court is not convinced that the Firm explained to Ms. Bamberger the gravity of proceeding in this case without representation. Although Ms. Bamberger ostensibly brings the Motion to Compel solely on behalf of herself in her individual capacity, she seeks the return of "all business materials" still in the possession of Plaintiffs, thus potentially implicating the interests of her co-Defendants, RBW Holdco, Inc. and BAM by BIG LLC. Mot. at 1. But precedent is clear that, while individuals may represent themselves before the Court pro se, "[a]ll other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. CivLR 83.3(j); *see also Reading Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016) ("A corporation must be represented by

counsel."). Because allowing Ms. Bamberger to proceed on her Motion to Compel without counsel presents an appreciable risk of prejudice to Ms. Bamberger and her co-Defendants, the Court finds it reasonable to maintain the Firm as counsel for this matter, at least until the Court can assure itself of Ms. Bamberger's intentions for enforcing the alleged violations of the settlement agreement. Accordingly, the Firm's Motion to Withdraw is **DENIED**.

Further, because Ms. Bamberger's Motion to Compel was filed without having first obtained a hearing date from chambers, in violation of Civil Local Rules 7.1(b) and 7.1(f)(1), the Court **STRIKES** the Motion for failure to comply with this district's Local Rules. *See Kashin v. Kent*, No. 02CV2495-LAB (WMC), 2007 WL 1975435, at *1 (S.D. Cal. Apr. 26, 2007), *aff'd*, 342 F. App'x 341 (9th Cir. 2009). Ms. Bamberger's failure to comply with the Civil Local Rules is grounds to reject the filing. *See id.* at *2; *see also* S.D. Cal. CivLR 83.1(a) (providing that failure to comply with the Civil Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court"). And, even assuming the Motion to Compel properly could be brought *ex parte*—which, in the Court's view, it could not—Ms. Bamberger additionally failed to follow the appropriate procedures for the filing of an *ex parte* motion in this District. *See* S.D. Cal. CivLR 83.3(g)(2).

## CONCLUSION

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the Firm's Motion to Withdraw (ECF No. 123) and **STRIKES** Ms. Bamberger's Motion to Compel (ECF No. 124). Further, in light of the apparent recent developments in this case, the Court **SETS** a status conference before Magistrate Judge David D. Leshner for <u>Wednesday, May 28, 2025, at 3:00 p.m.</u> by Zoom.

///
///
///
///

Appearances can be made using the following credentials:

Meeting ID: 160 283 7381

Passcode: 412978

Ms. Bamberger and the Firm will be free to renew their motions upon the conclusion of the status conference.

**IT IS SO ORDERED.**

Dated: May 14, 2025

Hon. Janis L. Sammartino
United States District Judge